**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HF Food Groups Inc,

Plaintiff,

vs.

Zhou Min Ni, *et al.*,

Defendants.

Case No. 2:26-cv-01909-RFB-MDC

**ORDER RE: MOTIONS (ECF NOS. 20, 25, 26)**

Plaintiff filed a *Motion For Leave To Serve By Alternative Means* ("Alternative Service Motion") (ECF No. 20), *Motion to Extend Time* ("Extend Motion") (ECF No. 25), and *Motion to Shorten Time* ("Shorten Motion") (ECF No. 26). In the Alternative Service Motion, plaintiff requests to serve defendant Zhou Min Ni ("Ni") "by email, voice message, text message, certified mail, regular mail, and posting the summons and complaint at his known residence[.]". *ECF No. 20* at 12. In its Extend and Shorten Motions, plaintiff further requests a 30-day extension to serve Ni and to shorten the response deadline to its Extend Motion so that the Court can adjudicate it on an expedited basis. *ECF Nos. 25*, *26*. The Court **GRANTS** the Alternative Service and Extend Motions, and **DENIES** the Shorten Motion as moot. The Court's reasoning is as follows:

## I. BACKGROUND

This is case arising out of alleged violations of the Securities Exchange Act. *ECF No. 1*. Plaintiff filed these Motions following various attempts to personally serve Ni. *See ECF Nos. 20*, *25*, *26*.

## II. DISCUSSION

### A. General Legal Principles

"[T]he Constitution does not require any particular means of service of process." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Instead, it only requires that service

"be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service is governed by Federal Rule 4. Federal Rule 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Personal service to an individual within Nevada is governed under Nevada Rules of Civil Procedure ("Nevada Rule") 4.2 and outside Nevada under Nevada Rule 4.3. Nev. R. Civ. P. 4.2, 4.3. Relevantly, the Nevada Rules states:

> **Rule 4.2. Service Within Nevada**
> (a) **Serving an Individual.** Unless otherwise provided by these rules, service may be made on an individual:
> (1) by delivering a copy of the summons and complaint to the individual personally;
> (2) by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or
> (3) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.
> . . . .
> **Rule 4.3. Service Outside Nevada**
> (a) **Service Outside Nevada but Within the United States.**
> (1) **Serving Individuals.** A party may serve process outside Nevada, but within the United States, in the same manner as provided in Rule 4.2(a) for serving such a defendant within Nevada, or as prescribed by the law of the place where the defendant is served.
> . . . .
> (b) **Service Outside the United States.**
> (1) **Serving an Individual.** Unless otherwise provided by these rules, an individual—other than a minor, an incapacitated person, or a person whose waiver has been filed—may be served at a place outside of the United States:
> (A) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(B) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

. . . .

(C) by other means not prohibited by international agreement, as the court orders.

Nev. R. Civ. P. 4.2, 4.3.

Nevada Rule 4.4 governs methods of alternative service. It provides that "If a statute provides for service, the summons and complaint may be served under the circumstances and in the manner prescribed by the statute." Nev. R. Civ. P. 4.4(a). It also states:

(1) If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.

(2) A motion seeking an order for alternative service must:

(A) provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:

(i) the due diligence that was undertaken to locate and serve the defendant; and

(ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and

(B) state the proposed alternative service method and why it comports with due process.

Nev. R. Civ. P. 4.4(b)(1), (2). When showing that service in impracticable "a litigant need not have exhausted every feasible service option before petitioning the court for service by 'other means.'" *Neumont University, LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015).

The Ninth Circuit and the Nevada Rules permit service to be completed through email and certified mail. *See* Nev. R. Civ. P. 4.4(d) ("In addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to

a defendant using other methods of notice, including certified mail …email… or any other method of communication.").

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

**B. Alternative Service Motion**

**i. Service By Email, Voice Message, And Text Message**

Plaintiff moves to serve Ni by email, and by voice and text message. Specifically, plaintiff plans to effectuate service to Ni by email to min@hanfenginc.com, and by voice and text message to a phone number ending in 4743. *See ECF No. 20-1*; *see ECF No. 20* at 7.

Plaintiff's counsel states in a Supporting Declaration ("Declaration") that plaintiff has attempted personal service to Ni several times. *Id.* Plaintiff also attempted to have Ni's "usual counsel at Morrison & Forester LLP [("Morrison)]" accept service on his behalf, but was told that counsel from Morrison was not authorized to do so. *Id.*; *see also ECF No. 20*. Moreover, plaintiff retained a process server to serve Ni and accessed a "Westlaw PeopleMap" report to locate and serve Ni. *ECF No. 20-1*. As plaintiff cannot personally serve Ni inside or outside of Nevada despite these efforts, the Court finds that service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable here. *See id.*; *see also PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2021 WL 5988539, at *2 (D. Nev. December 16, 2021) (finding that service under Nevada Rules 4.2, 4.3, and 4.4(a) is impracticable when plaintiff attempted multiple times

to serve defendant at defendant's last known address and attempted to communicate with defendant via email but did not definitively know where defendant currently resided and no applicable statute prescribing a method of service exists). The Court further finds that plaintiff illustrated due diligence in attempting to locate Ni based on these efforts above. *See* Nev. R. Civ. Pro. 4.4(b)(2)(A). The Declaration also provides sufficient evidence of Ni's last known contact information. *See ECF No. 20-1*.

Plaintiff shows that service to min@hanfenginc.com and the phone number ending in 4743 comports with due process. An alternative method of service comports with due process so long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Court has considerable discretion when determining whether alternative service should be permitted. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiff's counsel states in the Declaration that plaintiff has used min@hanfenginc.com and the phone number ending in 4743 to previously communicate with Ni. *ECF No. 20-1*. That email address and phone number also appeared on the "Westlaw PeopleMap" report regarding Ni. *Id.* Plaintiff's counsel made this Declaration under penalty of perjury. *See id.* at 4.

Plaintiff thus sufficiently shows that Ni uses min@hanfenginc.com and the phone number ending in 4743 to receive information. Given this and the effort plaintiff put into trying to serve Ni, service by email to min@hanfenginc.com and by voice and text message by a phone number ending in 4743 is reasonably calculated to give Ni notice and an opportunity to respond. *See Mullane*, 339 U.S. at 314; *see also Starken v. Amazon.com, Inc.*, No. 2:25-cv-0045-RFB-EJY, 2025 WL 1640794, *1-2 (D. Nev. May 5, 2025) (allowing plaintiff to serve defendant the complaint and summons by email if plaintiff could find "any email address that is reasonably associated with" defendant because plaintiff had already made reasonable efforts to serve defendant). Therefore, the Court grants plaintiff's request to serve Ni by both email and by voice and text message.

**ii. Additional Service By Mail and Posting The Summons and Complaint**

Plaintiff also requests to serve Ni by certified and regular mail at his known home address located at 810 Northern Shores Point, Greensboro, North Carolina ("North Carolina Address") and by leaving the summons and complaint at the same address. *ECF No. 20*. Plaintiff's counsel declares that Ni was successfully served at the North Carolina Address in a separate action earlier this year. *See ECF No. 20-1* at 2. Counsel further declares at that "Westlaw PeopleMap" search confirms that the North Carolina Address is Ni's current address. *Id.* Therefore, the Court also grants plaintiff's request to serve Ni by certified and regular mail at the North Carolina Address, and by leaving the summons and complaint at the same address.

In sum, the Court finds that service to Ni by email, voice, text, certified and regular mail, and posting is "reasonably calculated, under all the circumstances" to apprise Ni of the pendency of this action and afford Ni an opportunity to present objections. *See* Mullane, 339 U.S. at 314.

**C. Extend and Shorten Motion**

In the Extend Motion, plaintiff argues for a 30-day extension "up to and including October 22, 2026" to serve Ni. *ECF No. 25*. Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal*., 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that plaintiff has shown good cause for an extension of time. As stated above, plaintiff made several attempts to locate and serve Ni. The Court thus grants plaintiff's request for an extension of time to serve Ni. Plaintiff has until **October 22, 2026** to file proof of service regarding Ni.

As the response deadline for the Extend Motion has passed and defendants did not file any opposition or response, the Court also denies plaintiff's Shorten Motion as moot.

//

//

## III. CONCLUSION AND ORDER

ACCORDINGLY,

IT IS ORDERED that:

1. Plaintiff's *Motion For Leave To Serve By Alternative Means* (ECF No. 20) is **GRANTED**. Plaintiff may serve defendant Zhou Min Ni by accomplishing all of the following: (1) serve Ni by email to min@hanfenginc.com; (2) serve Ni by voice and text message to the phone number ending in 4743; (3) serve Ni by sending him copies of the summons and complaint to his North Carolina Address via certified and regular mail; and (4) serving Ni by leaving copies of the summons and complaint at his North Carolina Address.
2. Plaintiff's *Motion to Extend Time* (ECF No. 25) is **GRANTED**. Plaintiff's request for an extension of service is granted and it must file proof of service regarding Ni by **October 22, 2026**.
3. Plaintiff's *Motion to Shorten Time* (ECF No. 26) is **DENIED** as moot.

DATED: October 6, 2026

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.